UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LISA SHAFFETT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-5452** |
| **SOCIAL SECURITY ADMINISTRATION** | **SECTION "B" (4)** |

<u>ORDER AND REASONS</u>

Before the Court is a Report and Recommendation ("the Report") issued by Magistrate Judge Karen Wells Roby, upholding the denial of Plaintiff's claim for Supplemental Security Income Benefits ("SSI") under Title XVI, 42 U.S.C. § 423. Rec. Doc. 14. Plaintiff timely filed timely objections to the Report and requests that this Court consider her case. Rec. Doc. 15-1. For the reasons outlined below,

**IT IS ORDERED** that the Magistrate Judge's Report and Recommendation (Rec. Doc. 14) is **ADOPTED,** overruling objections to the same (Rec. Doc. 15), and dismissing instant claims.

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Lisa Shaffett ("Plaintiff") filed for SSI Benefits on July 1, 2011, alleging a disability that began on October 10, 2009. Rec. Doc. 11-3 at 16. Plaintiff is a forty-three-year-old, 5'8" female with a high school education, who has past relevant work as a resident service specialist. Rec. Doc. 14 at 1. In her brief to this Court, Plaintiff claimed that she suffers from degenerative disc disease with radiculopathy in the cervical and lumbar spine,

1

knee arthritis, interstitial cystitis[1], obesity, depression, anxiety and bipolar disorder, diabetes mellitus, sleep apnea, migraines, hypertension, and congenital heart disease. Rec. Doc. 12 at 1-2.

Plaintiff's claim was initially denied on October 24, 2011 by the Commissioner of the Social Security Administration ("SSA"). Rec. Doc. 14 at 1. Next, the matter was referred to Administrative Law Judge ("ALJ") Christopher H. Juge of the SSA, who compiled a residual functional capacity assessment ("RFC") and, after a hearing on May 9, 2012, denied the claim. Rec. Doc. 11-3 at 19-25. Plaintiff appealed the decision and, after a denial from the Appeals Council, filed a timely complaint with this Court. Rec. Doc. 1 at 1. The matter was referred to United States Magistrate Judge Roby to evaluate the claim and submit proposed findings and recommendations pursuant to Title 28 U.S.C. § 636(b). Rec. Doc. 14. She issued a Report recommending that this Court affirm the ALJ's decision. *Id.* at 15.

## II. MAGISTRATE JUDGE'S FINDINGS

The Magistrate Judge recommended affirming the ALJ's decision denying Plaintiff's SSI benefits. Rec. Doc. 14 at 15. She

---

[1] Plaintiff's brief describes interstitial cystitis as a "complex genitourinary disorder involving recurring pain or discomfort in the bladder and pelvic region." Rec. Doc. 12 at 3 (citing SSR 15-1p, 80 Fed. Reg. 14215, 14216, (effective March 18, 2015)).

specifically found that the ALJ's findings of non-severe interstitial cystitis, and non-disabling ailments, either singularly or in combination, were supported by substantial evidence. Rec. Doc. 14 at 7-8. She further observed substantial evidence of record supported the ALJ's conclusion that Plaintiff is capable of light work. Rec. Doc. 14 at 15. She also found that the RFC did not need to include symptoms of interstitial cystitis. *Id*. at 9-15.

**III. LAW & ANALYSIS**

Judicial review of any final decision of the Commissioner of Social Security is limited to (1) whether the final decision is supported by substantial evidence, and (2) whether the Commissioner has applied the proper legal standards when evaluating the evidence. 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quoting *McQueen v. Apfel*, 168 F.3d 152, 157 n.2 (5th Cir. 1995)). The Court may not reweigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner. *Bowling v. Shalala,* 36 F.3d 431, 434 (5th Cir. 1994).

If substantial evidence supports the Commissioner's findings, then those findings are conclusive and the Court must affirm them. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla and less than a preponderance,

and is considered relevant evidence such that a reasonable mind might accept it as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995)(citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). This Court cannot reweigh the evidence unless this Court fails to find substantial evidence to support the Commissioner's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). Nevertheless, this Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it. *Villa v. Sullivan,* 895 F.2d 1019, 1022 (5th Cir. 1990); *Johnson v. Bowen,* 864 F.2d 340, 343–44 (5th Cir. 1988).

The Court "weigh[s] four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnosis and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) his age, education, and work history." *Hendricks v. Apfel,* No. 99-1212, 2000 WL 174884, at *3 (E.D. La. Feb. 14, 2000) (citing *Martinez v. Chater,* 64 F.3d 172, 174 (5th Cir. 1995)). A reviewing court can only find "no substantial evidence" where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Johnson,* 864 F.2d at 343-44 (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).

Plaintiff objects that the Commissioner failed to use the proper legal standard and that his decisions are unsupported by substantial evidence for the following findings under the sequential evaluation process[2]: (1) that interstitial cystitis is not a severe condition, (2) that the RFC need not include the interstitial cystitis symptoms, and (3) that Plaintiff is capable of light work. Rec Doc. 15-1.

### 1. The ALJ and Magistrate Judge used the correct legal standard to determine whether Plaintiff's interstitial cystitis is a severe condition.

Under step two, the ALJ report lists the following impairments as severe: "degenerative disc disease of the cervical spine, diabetes mellitus, obesity, and anxiety." Rec. Doc. 11-3 at 18. The ALJ found that these conditions are severe impairments under both the *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985), standard and 20 C.F.R. 416.920(c). *Id*. However, the ALJ report did not include interstitial cystitis as a severe impairment.

---

[2] When making a disability determination, the SSA uses a "five-step sequential evaluation process." Rec. Doc. 11-3 at 1; *see* 20 C.F.R. § 416.920(a). If any step of the sequential evaluation is not satisfied, then the remaining steps are not considered and the claimant is found not to be disabled. 20 C.F.R. § 416.920(a)(4). The five steps are as follows: (1) Is the claimant currently working, (2) does the claimant have a medically severe impairment, (3) does the impairment meet or equal an Appendix 1 listing for presumptive disability, (4) does the impairment prevent the claimant from performing past relevant work, and (5) does the impairment prevent the claimant from performing any other work? 20 C.F.R. § 416.920(a)(4)(i)-(v).

To find that Plaintiff's interstitial cystitis was a non-severe condition, the Commissioner weighed the ability of the condition to improve with treatment with the actual physical impact on her ability to work. Rec. Doc. 13 at 4-5. This analysis comports with the *Stone v. Heckler* standard that an impairment is not a severe impairment "only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work." 752 F.2d at 1099. The Commissioner found that Plaintiff's interstitial cystitis has minimal effect on her ability to work, based on her improved symptoms and the fact that no physician has determined that the condition limits Plaintiff's ability to work. Rec. Doc. 13 at 4.

Further, under 20 C.F.R. 416.920(c), a severe impediment "significantly limits [the claimant's] physical or mental ability to do basic work activities." The Commissioner, by relying on the same evidence, again found that Plaintiff's interstitial cystitis does not significantly limit her ability to do work activities. Rec. Doc. 13 at 4.

Using both the *Stone v. Heckler* and 20 C.F.R. 416.920(c) standards of severity, the Commissioner, the ALJ (Rec. Doc. 11-3 at 18), and the Magistrate Judge (Rec. Doc. 14 at 7-8) all used the correct legal standard to find that Plaintiff's interstitial cystitis was non-severe.

**2. Substantial evidence supports the ALJ's finding that Plaintiff's condition was not severe.**

The next issue is whether the ALJ's decision to find that interstitial cystitis is not severe under the *Stone v. Heckler* and 20 C.F.R. 416.920(c) standard is supported by substantial evidence.

In describing the evidence upon which he relied, the ALJ stated that no physician gave the opinion that interstitial cystitis produced such functional limitations that Plaintiff was incapable of doing light work. Rec. Doc. 13 at 4. Plaintiff reportedly did well in treatment as recently as April of 2013, her symptoms significantly improved, and her urinary frequency was reduced by 50% since a February of 2012 clinic visit and physical examination. *Id*. at 4-5. Further, the physical examination at the February 2012 clinic visit was "essentially normal," even though Plaintiff was "diagnosed with posterior wall prolapse, mixed urinary incontinence, [and] vaginal hyperpigmented lesion." Rec. Doc. 11-3 at 22. Earlier, in June of 2011, Plaintiff was diagnosed with "'neurogenic bladder,' although a cystogram was normal." *Id*. at 21.

The medical reports from multiple clinicians, along with the fact that no physician stated that Plaintiff's interstitial cystitis limited her ability to work, is more than a scintilla of

7

evidence (*See Ripley*, 67 F.3d at 555). Such evidence is sufficient for a reasonable mind to find that the condition is a slight abnormality and non-severe; thus, the ALJ's finding was based on substantial evidence. The ALJ concluded that Plaintiff's interstitial cystitis was no more than a slight abnormality with minimal effect on her ability to work (Rec. Doc. 13 at 4) and this Court finds that there is substantial evidence to support this finding.

Plaintiff argues that the substantial evidence does not support a finding that her interstitial cystitis is non-severe, but she only refers to evidence that was available to and considered by the ALJ. Rec. Doc. 15-1 at 2. The evidence she relies on does not contradict the evidence relied on by the Commissioner. He presumably considered the evidence highlighted by Plaintiff, but found it unpersuasive or insignificant in light of the other evidence before him. Further, it is Plaintiff's burden to prove that the condition is disabling and limits her ability to work. *Demandre v. Califano*, 591 F.2d 1088, 1090 (5th Cir. 1979). Here, Plaintiff failed to satisfy this burden.

**3. The RFC considered Plaintiff's interstitial cystitis, medical, and nonmedical evidence to determine Plaintiff's total limitations.**

Pursuant to 20 C.F.R. § 404.1545, the SSA assesses a

claimant's impairments and the related symptoms that affect the claimant's abilities in a work setting, and produces these findings in a RFC. 20 C.F.R. § 404.1545(a). The RFC will include all medically determinable impairments, regardless of whether they were considered "severe" in step two of the sequential evaluation process. 20 C.F.R. § 404.1545(a)(2). Further, the RFC must include the limiting effects of all impairments by considering all medical and nonmedical evidence to understand the 'total limiting effects.' 20 C.F.R. § 404.1545(e).

SSA ALJ Juge, under step four of the sequential evaluation process, conducted a thorough RFC assessment of Plaintiff's ailments and their limitations on her ability to work. Rec. Doc. 11-3 at 19-24. Plaintiff objects that the ALJ failed to include her symptoms of interstitial cystitis (Rec. Doc. 15-1 at 3), but this is not the case. When recounting Plaintiff's testimony and medical records, the RFC states

> [Plaintiff] was told to return to her urologist. She has been told she has a 'neurogenic bladder' and she uses the bathroom 20 times daily and has accidents. . . . [Plaintiff] cannot work due to constant pain and frequent use of the restroom. . . . [O]n February 28[, 2011]. . . [Plaintiff] requested a referral to a urologist. . . . Later that month, the urologist diagnosed 'neurogenic bladder' although a cystogram was normal. . . . On February 10[, 2012], [Plaintiff] presented to the MCLNO clinic for complaints of 'leaking urine and constipation for one year,' claiming urinary frequency 20 times per day and four times at night, at times wetting the bed. Physical examination was essentially normal, and she was diagnosed with posterior

9

>wall prolapse, mixed urinary incontinence, vaginal hyperpigmented lesion, and controlled diabetes. . . . [Plaintiff now] also reports incontinence, and that she uses the restroom up to 20 times per day, but has only recently (in February) sought treatment after allegedly suffering this symptom for over a year. There is no evidence of impending surgery and no further follow-up records.

Rec. Doc. 11-3 at 20-23. The RFC specifically includes both the medical evidence of Plaintiff's interstitial cystitis and nonmedical testimony regarding Plaintiff's pain, treatments, and interruptions. *Id*. Plaintiff's third objection therefore has no merit.

> **4. Substantial evidence supports the ALJ's finding that Plaintiff is capable of light work.**

Under step five of the sequential evaluation process, the ALJ determines the claimant's residual functional capacity in an administrative assessment and her capacity to perform work-related activities. *See* 20 C.F.R. § 416.945. The ALJ reviews the totality of the evidence, including medical, testimonial, and documentary evidence. *Id*. The ALJ must first determine whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the claimant's pain or other symptoms. *Id*. Once such impairment has been shown, the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's functioning. *Id*. Here, the ALJ determined

that Plaintiff could perform "light work" as defined in 20 C.F.R. § 416.945(b) and specified that this performance was "limited to simple, unskilled work." Rec. Doc. 11-3 at 19.

For the first prong, Plaintiff objects that the substantial evidence does not support a finding of light work. Rec. Doc. 15-1 at 5. The ALJ based his conclusion that Plaintiff is capable of light work on the opinion of Charles Lee, M.D., a state agency reviewing physician. Rec. Docs. 11-3 at 24; 13 at 7. Dr. Lee opined that Plaintiff could "occasionally lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; stand and/or walk for about six hours in an eight-hour workday; sit for about six hours in an eight hour workday; push and/or pull on an unlimited basis; occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; and never climb ladders, ropes, or scaffolds." Rec. Doc. 13 at 7. In light of these findings, Dr. Lee opined that Plaintiff could perform light work. *Id*. The ALJ noted that these findings were consistent with the medical opinions of Sandra Durdin, Ph.D., a consultative psychologist, and Darla Burnett, Ph.D., a state reviewing psychologist. Rec. Doc. 13 at 6-7.

In her objection, Plaintiff specifically argues that the weight of the medical evidence is against a finding of light work. However, all the evidence cited by Plaintiff in her objection was included in the ALJ's RFC. Rec. Doc. 11-3 at 20-24. Yet, there

11

were also three consistent medical opinions to support the finding that Plaintiff is capable of doing the work intended under 20 C.F.R. § 416.945(b). This is substantial medical evidence to support the ALJ's conclusion that Plaintiff is capable of doing light work.

For the second prong, Plaintiff objects that the ALJ ignored her subjective accounts of pain that limits her ability to work. However, pursuant to 20 C.F.R. § 416.929, the ALJ properly considered Plaintiff's subjective complaints in light of the medical evidence on the record; Plaintiff's daily activities; the nature, location, duration, frequency, and intensity of Plaintiff's alleged symptoms; precipitating and aggravating factors; medications that Plaintiff has taken; other treatment Plaintiff has undergone; Plaintiff's lack of consistent mental health treatment; other measures that Plaintiff has taken to address pain and other symptoms; and Plaintiff's functional limitations as addressed in the RFC. Rec. Docs. 13 at 8; Rec. Doc. 11-3 at 19-24. After considering all these factors, the ALJ concluded that "[Plaintiff]'s medically determinable impairment could reasonably be expected to cause some of the alleged symptoms; however, the [Plaintiff]'s statements concerning intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual

12

functional capacity assessment." Rec. Doc. 11-3 at 23. The ALJ concluded that the subjective limiting effects were not credible because they were contrary to medical opinions as to the actual limitations of the underlying medical impairments. *Id.*

Plaintiff objected to the ALJ and Magistrate Judge using the conflicting reason for her leaving work and onset of her conditions as the basis for determining her credibility. Rec. Doc. 15-1 at 4-5. However, the contradictions found by the ALJ and Magistrate Judge are not limited to the Plaintiff's reasons for leaving work, as Plaintiff contends, but also include Plaintiff's unsupported testimony regarding her ability to sleep and limited motion. Rec. Docs. 11-3 at 23-24; 14 at 10. These inconsistencies, along with the medical evidence, are substantial evidence to support the ALJ's finding.

**IV. CONCLUSION**

Plaintiff's objections do not demonstrate any error with the Magistrate Judge's Report. Plaintiff's first objection that the ALJ and magistrate judge failed to use the correct legal standard has no merit. The ALJ and magistrate judge evaluated the severity of Plaintiff's interstitial cystitis under both the *Stone v. Heckler* standard and 20 C.F.R. 416.920(c). Plaintiff's second objection has no merit because substantial evidence, including medical evidence and opinions considered by the ALJ, supports the

finding that interstitial cystitis is non-severe. Plaintiff's third objection that the ALJ failed to consider her symptoms of interstitial cystitis in the RFC has no merit because the ALJ included the medical evidence and subjective testimony of Plaintiff's interstitial cystitis in the RFC. Plaintiff's fourth objection has no merit because there was substantial evidence in the form of medical evidence, records, and opinions to support a finding of light work, despite Plaintiff's subjective complaints to the contrary.

Because the Report does not present clear error and Plaintiff failed to raise valid objections in light of substantial evidence of record to support the ALJ's findings,

**IT IS ORDERED** that the Magistrate Judge's Report and Recommendation (Rec. Doc. 14) is **ADOPTED**;

**IT IS FURTHER ORDERED** that Plaintiff's objections (Rec. Doc. 15) are **OVERRULED, DISMISSING** Plaintiff's claims.

New Orleans, Louisiana, this 27th day of March, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE